## (April 22, 1963)

■ ARLENE BROOKS et al., Respondents, v. HENRY A. WAHN, JR., Appellant, and DAVID M. BAKER et al., Respondents. (Action No. 1.) JOSEPH M. FITZPATRICK et al., Respondents, v. HENRY A. WAHN, JR., Appellant, and DAVID M. BAKER et al., Respondents. (Action No. 2.) HENRY A. WAHN, JR., Respondent, v. DAVID M. BAKER et al., Respondents. (Action No. 3.) — In three separate negligence actions, Henry A. Wahn, Jr., one of the defendants in Actions Nos. 1 and 2, appeals: (1) from an order of the Supreme Court, Westchester County, made November 26, 1962 after a pretrial hearing in Action No. 1, which granted a preference in trial in all three actions; and (2) from an order of the same court, dated January 29, 1963, consolidating the three actions and according them a preference in trial under the same calendar number. Order of November 26, 1962, reversed, without costs, and preference vacated, without prejudice to a further application for a preference, if plaintiffs be so advised (*Abramson* v. *Kenwood Labs.*, 17 A D 2d 626). Order of January 29, 1963, modified by deleting so much of its third decretal paragraph as grants a preference in trial to the consolidated actions. As so modified, order affirmed, without costs. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ FLORA EDELSON, Respondent, v. NATHAN RICHTER, Appellant.— In an action to recover damages for personal injury, the defendant appeals from an order of the Supreme Court, Kings County, made November 26, 1962 after a pretrial hearing, which, in the interests of justice, granted plaintiff a preference in the trial of the action, pursuant to rule 8 of the Kings County Supreme Court Rules. Order reversed, without costs, and preference vacated, without prejudice to the right of plaintiff, if so advised, to move for a preference on proper proof. In the absence of a stenographic transcript of the hearing or other appropriate proof showing the facts on which the Justice at the pretrial hearing based the exercise of his discretion in granting the preference, the propriety of the order cannot be adequately reviewed. Hence, the order is reversed, without prejudice to any future application for a preference, if the plaintiff be so advised (see *Abramson* v. *Kenwood Labs.*, 17 A D 2d 626; *Genz* v. *Slingerland*, 17 A D 2d 629; *Coy* v. *Fanris Holding Corp.*, 18 A D 2d 1084). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.